UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ABDUL G. BURIDI                                              PLAINTIFF

v.                                              CIVIL ACTION NO. 3:12-CV-00486-CRS

BRANCH BANKING AND
TRUST COMPANY                                         DEFENDANT

## **MEMORANDUM OPINION**

This case is before the Court on a motion to amend complaint (DN 26) filed by Plaintiff Abdul G. Buridi ("Buridi") and a motion to dismiss (DN 35) filed by Defendant Branch Banking and Trust Company ("BB&T"). For the reasons set forth below, the Court will grant the motion to amend complaint, and deny the motion to dismiss.

## **BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. Buridi is a member of Kentuckiana Investors, LLC ("KI"), a group of physician-investors who collectively invested in a hospital construction project in Clark County, Indiana. As originally conceived, the construction plan called for a 60-bed hospital, with 12 beds to be used as an emergency department. In fall 2006, BB&T agreed to loan $21.5 million to finance the construction of the hospital, but only on condition that Buridi and several other physician-investors personally guaranteed repayment of the debt. On July 12, 2007, Buridi signed a guaranty agreement (the "Guaranty") in an unspecified amount.

Shortly thereafter, the loan was finalized and construction of the hospital began. Contrary to the initial plan, however, the hospital was constructed with only 34 beds and without an

1

emergency department. After opening, the hospital suffered severe financial problems, ultimately causing it to default on the loan from BB&T. Upon default, BB&T assigned the loan along with Buridi's Guaranty to Rialto Capital Management ("Rialto").

In February 2011, Rialto's affiliate RL BB Financial, LLC ("RLBB"), filed an action in Clark County Circuit Court seeking to enforce Buridi's Guaranty. Upon RLBB's motion for summary judgment, final judgment was entered against Buridi in the amount of $430,000. However, on August 27, 2012, Buridi filed a motion for relief from judgment pursuant to Indiana Trial Procedure Rule 60(B)(2), alleging that newly discovered evidence demonstrated that Buridi could have asserted a fraud defense to enforcement of the Guaranty. In his motion, Buridi explained that he had obtained new evidence during the course of a related action he had filed against various members of KI in Jefferson County Circuit Court. Specifically, Buridi claimed that the deposition testimony of Drs. Christodulous Stavens ("Stavens") and Eli Hallal ("Hallal"), as well as certain documents produced during discovery, strongly suggested that BB&T was aware that the hospital would be built with only 34 beds at the time it solicited his Guaranty. Based on this evidence, Buridi claimed that BB&T had committed fraud sufficient to void his Guaranty. Ultimately, however, the court denied Buridi's motion for relief from judgment on the grounds that the evidence failed to establish a basis for finding fraud on the part of BB&T.

## PROCEDURAL HISTORY

On July 12, 2012, Buridi filed the present action in Jefferson County Circuit Court, alleging that BB&T's failure to disclose the change in construction plans amounted to fraud by omission, negligent misrepresentation, and a breach of its duty of good faith and fair dealing. On August 10, 2012, BB&T removed the action on the basis of diversity jurisdiction. (DN 1).

On August 24, 2012, BB&T filed a motion to dismiss for failure to state a claim, arguing that: 1) BB&T did not have a duty to inform Buridi regarding the change in scope of the construction project; and 2) that Buridi's claims were barred by the doctrine of claim preclusion to the extent they should have been raised as defenses in the RLBB action. On March 25, 2013, we held that: 1) Buridi had failed to establish necessary elements of his fraud by omission and negligent misrepresentation claims; and 2) Buridi's good faith and fair dealing claim was not barred by the doctrine of claim preclusion because the claim had not accrued at the time of the earlier suit. (DN 20).

On May 7, 2013, Buridi filed a motion to amend complaint (DN 26) seeking to add a claim of intentional misrepresentation. In response, BB&T argues that Buridi's proposed amendment is futile to the extent his newly asserted intentional representation claim is barred by the doctrine of claim preclusion. Additionally, BB&T has renewed its previous motion to dismiss (DN 35) Buridi's good faith and fair dealing claim on the grounds that it was also barred by the doctrine of claim preclusion.

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motion to amend complaint and the motion to dismiss.

**STANDARD**

A court must first consider a pending motion to amend before dismissing a complaint. *Rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005). Accordingly, the Court will address the motion to amend complaint prior to the motion to dismiss.

**i. Motion to Amend Complaint**

Fed. R. Civ. P. 15(a)(2) provides that leave to amend pleadings should be "freely give[n]... when justice so requires." Generally, a plaintiff's motion for leave to amend his

complaint should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue… of the amendment, [or] futility of amendment…" *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[d]elay by itself is not sufficient reason to deny a motion to amend." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458 (6th Cir. 2001) (quoting *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989)).

**ii. Motion to Dismiss**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## DISCUSSION

**i. Motion to Amend Complaint**

BB&T argues that the motion to amend complaint must be denied as futile because Buridi's newly asserted fraud claim is barred by the doctrine of claim preclusion. According to BB&T, this claim was previously adjudicated as part of Buridi's Rule 60(B) motion for relief judgment in the RLBB action, and therefore cannot be relitigated in this action.

4

In response, Buridi argues that the court's ruling on his Rule 60(B) motion does not constitute a final judgment on the merits warranting preclusive effect. While conceding that the court's resolution of his motion involved factual and legal issues related to his fraud claim, Buridi argues that the court's ruling nevertheless did not amount to "a judgment which determine[d] which party is right as to the cause of action in dispute," (Pl.'s Rep. in Supp. of Mot. to Amend Comp., DN 38, at 9) (quoting *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. App. 1984), insofar as a Rule 60(B) motion is procedurally distinct from a substantive judgment on the merits. In support of this argument, Buridi cites the following excerpt from the Indiana Court of Appeals' decision in *Creech v. Town of Walkerton*, 472 N.E.2d 226 (Ind. Ct. App. 1984):

> "A judgment on the merits precluding the relitigation of the same cause of action is one based on the legal rights and liabilities of the parties, as distinguished from one based on technical or dilatory objections or contentions, or on mere matters of form or of practice or procedure. It is a judgment which determines which party is right as to the cause of action in dispute, if the judgment determines that the plaintiff has no cause of action against the defendant, the plaintiff in respect thereto is permanently out of court. In this respect, it is immaterial whether the determination is made on an issue of law or fact. Moreover, to constitute a judgment on the merits, it is not necessary to consider all the merits; due consideration of vital ones will usually determine the matter as to all issues.
>
> A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends. If the case is brought to an issue, heard on evidence submitted pro and con, and decided by the verdict of a jury or the findings of a court, the judgment rendered is on the merits. However, a decision on the merits is not necessarily a decision upon the facts, or upon evidence heard. Indeed, it is not even necessary that there should have been a trial; if the parties had a full legal opportunity to be heard on their respective claims and contentions, the judgment may be on the merits although there was no actual hearing or argument in the case."

*Id.* at 228 (quoting 46 AM.JUR.2D JUDGMENTS § 478 (1969)).

After careful review, the Court concludes that the court's ruling on Buridi's Rule 60(B) motion does not constitute a final judgment on the merits warranting preclusive effect. Like its federal counterpart, Indiana Trial Procedure Rule 60(B) motions for relief from judgment request extraordinary relief and consequently are subject to a stringent standard of proof. Under Indiana law, "[r]elief from judgment based upon newly discovered evidence requires a showing that the newly discovered evidence is material, is not merely cumulative or impeaching, was not discoverable by due diligence, and *would reasonably and probably alter the result*." *Outback Steakhouse of Florida, Inc. v. Markley*, 856 N.E.2d 65, 85 (Ind. 2006) (emphasis added). Here, the trial court's ruling was apparently based on its determination that the evidence relied on by Buridi would not reasonably and probably alter the result. As explained by the court:

> The relief sought by… Buridi is extraordinary relief and generally viewed with disfavor. The Court denied the requested relief in part *because the evidence produced and thus the arguments advanced as a result of that evidence are based on speculation and assumption*. The fact that the managing investors and BB&T had knowledge of the change [in construction plans] is not sufficient to set aside the prior judgment. Additionally *the evidence does not set forth a basis to find fraud on the part of BB&T*.

(Order of Clark County Circuit Court, DN 34-4, at ¶ 7) (emphasis added).

Based on the court's prefatory reminder that the relief sought by Buridi is "extraordinary relief" which is "generally viewed with disfavor," as well as the patently procedural basis of the decision, we conclude that the ruling on Buridi's Rule 60(B) motion does not amount to "a judgment which determines which party is right as to the cause of action in dispute." *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. App. 1984). To the contrary, the ruling merely determined that, as a procedural matter, the evidence relied on by Buridi in support of his motion[1] would not *probably* alter the result such that his interest in vacating the judgment

---

[1] The Court notes that the evidence relied on by Buridi in support of his Rule 60(B) motion has not been definitively shown to be the only evidence of fraud on the part of BB&T. To the extent this could mean that the court did not

outweighed the judicial system's interest in the finality of judgments. For these reasons, the Court simply cannot conclude that the ruling was "based on the ultimate fact or state of facts disclosed by the pleadings or evidence… and on which the right of recovery depends." *Id.* Thus, Buridi's fraud claim is not barred by the doctrine of claim preclusion, and his proposed amendment is therefore not futile. Accordingly, the Court will grant the motion to amend complaint.

## ii. Motion to Dismiss

BB&T has renewed its previous motion to dismiss Buridi's good faith and fair dealing claim on the grounds that it is barred by the doctrine of claim preclusion to the extent it was previously adjudicated as part of his Rule 60(B) motion. For the reasons set forth above, as well as those initially set forth in the Court's Memorandum Opinion (DN 20), the Court concludes that Buridi's good faith and fair dealing claim is not barred by the doctrine of claim preclusion. Accordingly, the motion to dismiss will be denied.

A separate order will be entered in accordance with this opinion.

                                                                   Charles R. Simpson III, Senior Judge
                                                                        United States District Court

March 6, 2014

---

base its decision on all the relevant evidence, there is an additional basis for concluding that the ruling was not "based on the ultimate fact or state of facts disclosed by the pleadings or evidence… and on which the right of recovery depends", and therefore does not constitute "a judgment which determines which party is right as to the cause of action in dispute." *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (Ind. App. 1984).